UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Erika Page,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>MRS Associates Inc.,<br><br>　　　　　　　Defendant. | Civil Action No.: _____<br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Erika Page, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. Plaintiff, Erika Page ("Plaintiff"), is an adult individual residing in Rome, New York, in the County of Oneida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant MRS Associates Inc. ("MRS"), is a NY business entity with an address of 3 Executive Campus, Suite 400, Cherry Hill, NJ 08002, operating as a collection agency, and

is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6). .

6.      Does 1-10 (the "Collectors") are individual collectors employed by MRS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      MRS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8.      Plaintiff incurred a financial obligation through her use of a credit card in the approximate amount of $700 (the "Debt") to Credit One (the "Creditor") when she was between jobs in 2007 or 2008.

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Engages in Harassment and Abusive Tactics**

12.     In late July or early August of 2009, Defendant first contacted Plaintiff by phone in an attempt to collect the Debt.

13.     Plaintiff did not receive a validation notice from Defendant regarding the Debt. In

2

fact, she cannot recall receiving anything in writing from Defendant.

14. Defendant called the Plaintiff daily, sometimes multiple times per day, occasionally from different phone numbers or from an "unavailable" number. Despite Plaintiff's request that Defendant stop making such frequent calls, the calls did not stop.

15. In August of 2009, Plaintiff entered into a payment arrangement with Defendant to pay off the Debt. The first payment under the plan was due August 24, 2009.

16. Even after making the payment arrangement, Defendant continued to call Plaintiff excessively, sometimes several times in one day. Plaintiff received calls from a number of Defendant MRS's collectors. In particular, MRS collector, Mark Spencer, ("Mark") called Plaintiff excessively.

17. Beginning at approximately 8am the day the first payment was due, September 24, 2009, Plaintiff received five or six calls on her cell phone from Mark while she was at work. Because she was at work, Plaintiff verbally requested that Mark stop calling her and explained that she would make the payment at the bank that afternoon.

18. However, Mark continued to call her, and when Plaintiff asked to speak to his supervisor, Mark immediately hung up on Plaintiff.

19. After Mark hung up on her, Plaintiff called MRS to speak to a supervisor regarding the excessive number of calls from its collectors, and to request that communications stop as she had entered into a payment plan. The supervisor, who said he was the "Floor Manager," said that the calls would stop.

20. Later that evening, after Plaintiff made the payment, Mark called again.. He pretended to be someone else, but Plaintiff recognized his voice.

3

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

22. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA
## 15 U.S.C. § 1692, *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

25. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26. The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

27. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

28. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

4

29. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

30. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

31. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

32. The Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the debt had not been validated.

33. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF NEW YORK GBL § 349 -
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

36. The acts, practices and conduct engaged in by the Defendant and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

37. The Defendant willfully and knowingly engaged in conduct constituting deceptive

acts and practices in violation of NY GBL§ 349.

38.  The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendant.

39.  By virtue of the foregoing, Plaintiff is entitled to recover her actual damages, trebled, together with their reasonable attorneys' fees.

## COUNT III
## COMMON LAW FRAUD

40.  Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.  The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of New York.

42.  The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendant and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully pray that judgment be awarded in their favor and against the Defendant as follows:

1. Against the named Defendant, awarding Plaintiff her actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against the named Defendant, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendant, awarding Plaintiff her actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named Defendant, awarding Plaintiff recovery of her litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named Defendant, awarding Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 29, 2009

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiff